UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHILLIP J., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:19-cv-00972-MJD-SEB |
| ANDREW M. SAUL, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR EAJA FEES**

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act. [Dkt. 19.] The Court **GRANTS** the motion for the reasons set forth below.

## I. Background

On March 8, 2019, Plaintiff filed his Complaint seeking judicial review of the ALJ's unfavorable finding denying his application for benefits pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). [Dkt. 1.] On December 17, 2019, the Court reversed the Commissioner's decision and remanded Plaintiff's claims for further proceedings. [Dkt. 17.] Final judgment was entered in favor of Plaintiff. [Dkt. 18.] Plaintiff timely filed the instant motion with supporting documentation on March 16, 2020, requesting an EAJA attorney fee award in the amount of $3,754.25 and costs in the amount of $400.00. [Dkt. 19.] Subsequently, Defendant filed a Response to Plaintiff's Motion for Award of Attorney Fees, indicating that he does not object to the fee request. [Dkt. 20.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file his application (1) showing that he is a "prevailing party," (2) provide the Court with an itemized statement that represents the computation of the fees requested, and (3) allege that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). The Plaintiff has provided the appropriate documentation for his fee request and alleged that the position of the Commissioner was not substantially justified. [*See* Dkt. 19 & Dkt. 19-2.] Next, the Commissioner bears the burden of proving that his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner has not done so here; the Commissioner has filed a notice that he does not object to the fee request. [Dkt. 20.] Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

The Court must then determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA, requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has done so. [*See* Dkt. 19-3.] Plaintiff's counsel spent 14.05 hours on this case; his legal assistant spent 11.55 hours. [*Id.*] The Court finds the number of hours expended to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Plaintiff sets out the appropriate calculation of the hourly rate permitted by the EAJA, by taking into account the increase in the cost of living, as set forth in the Producer Price Index and the Midwest Urban Consumer Price Index. [Dkt. 19-4 & Dkt. 19-5.] Plaintiff asserts that,

3

because the EAJA was passed in 1996 and the Midwest Urban Consumer Price Index statutory hourly rate was set at $125.00 per hour, that calculation arrives at a maximum statutory hourly rate for 2014 of $185.74.[1] [Dkt. 19-2 at 2.] Plaintiff's counsel seeks a rate of $185 per hour for the work performed in 2019 and 2020. [Dkt. 19-2 at 1.] The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience, and it is consistent with the rate approved in other similar cases in this district. *See, e.g., Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Additionally, Plaintiff requests a minimal fee award for services performed by the non-attorney staff. If an attorney's fee is awarded, the services of paralegals should be taken into account. *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989). Plaintiff asserts that his counsel's non-attorney staff expended 11.55 hours in this case at the rate of $100.00 per hour. [Dkt. 19-3 at 1.] The Court finds the hours for the work performed as well as the hourly rate for the non-attorney staff as reasonable. *See, e.g., Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (citing case law and finding the hourly rate of $100.00 reasonable).

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," has taken place on behalf of Plaintiff or his counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, according to 28 U.S.C. § 2412(d)(1)(C).

---

[1] $125.00 x 1.486 result in $185.74 per hour for 2014.

### III.  Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act [Dkt. 19], and awards fees in the amount of $3,754.25 in attorney fees and costs in the amount of $400.00, for a total award of $4,154.25. An award under the EAJA belongs to Plaintiff and not to his counsel, and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).  However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's counsel pursuant to the EAJA assignment duly signed by Plaintiff and his counsel. [Dkt. 19-8.]

SO ORDERED.

Dated:  23 MAR 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.